**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRI  GRANT,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1726-O** |
| | § | **(3:07-CR-316-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined within the Bureau of Prisons at FMC Carswell in Fort Worth, Texas.  The court issued process in this case.

Statement of the Case: Grant pled guilty, without the benefit of a plea agreement, to conspiracy to manufacture counterfeit obligations of the United States in violation of 18 U.S.C. § 371.  *United States v. Grant*, No. 3:07cr0316-O (N.D. Tex.).  On June 26, 2008, the district court sentenced her to 57 months' imprisonment and a two-year term of supervised release.  *Id.*  The court later issued an amended judgment ordering Petitioner to pay restitution in the amount of $85,100.  *See Id.*, Am. J. filed Sep. 19, 2008.  The Fifth Circuit Court of Appeals affirmed the conviction and sentence.  *United States v. Grant*, No. 08-10684 (5th Cir. Jul. 9, 2009.)

In her timely § 2255 motion, Grant claims to have been denied effective assistance of her counsel at sentencing and on direct appeal.  The court liberally construed her claims since her § 2255 motion mentioned her counsel's ineffectiveness in each claim.

In response to the court's order to show cause, the government filed a response contending that her claims lack merit.  Movant filed a reply asserting, for the first time, new claims of ineffective assistance of counsel.

Findings and Conclusions:  A petitioner, seeking habeas corpus relief on the ground of ineffective assistance of counsel, must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S. Ct. 2052, 2064-68 (1984.)  The court need not address both components of the *Strickland* test if the defendant makes an insufficient showing on one.  *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In the case of ineffective assistance at sentencing, a petitioner must demonstrate that the sentence was increased by the deficient performance of her defense attorney.  *Glover v. United States,* 531 U.S. 198, 200, 203-04, 121 S.Ct. 696 (2001).  To prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000).  "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."  *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14 (1983).

Before addressing Grant's claims, it is appropriate to reiterate the events which preceded

2

her sentencing.  Following her guilty plea, the U.S. Probation Office prepared a Presentence Report (PSR), which attributed to Movant $195,300 in intended loss, resulting in a base offense level of 16.  Based on a Criminal History Category of II and a total offense level of 19, the PSR recommended a guideline range of 33 to 41 months of imprisonment, a supervised release term of 2-3 years, and an unspecified amount of restitution to be calculated on the basis of loss figures that were yet unavailable.  (PSR ¶¶ 70, 73, and 77.)  Defense counsel objected raising numerous grounds, to which the government filed a reply.

On June 13, 2008, the Probation Office submitted an Addendum to the PSR (Add. to PSR) addressing Defendant's objections, and recommending an enhancement in light of new information received from Special Agent McMickle, that the offense involved more than 50 victims, and an intended loss attributable to Petitioner of more than $200,000, which caused the base offense level to increase to 20.  (Add. to PSR ¶ 30.)  Based on a Criminal History Category of II and a Total Offense Level of 23, the Addendum to the PSR recommended a guideline range of 51 to 60 months.  (Add. to PSR at ¶ 70.)  Defense counsel filed a second set of objections and a sentencing memorandum requesting a variance from the guidelines.

In her first ground, Grant claims that her 57-month sentence was excessive and that counsel rendered ineffective assistance by failing to object at sentencing and on direct appeal. This claim lacks merit.  Contrary to her assertion, defense counsel objected at length to the intended loss amount and number of victims, the factors which had increased the base offense level as noted in the Addendum to the PSR.  In his objections, counsel argued the intended loss and number of victims remained speculative and that the Addendum did not prove either with reasonable certainty as required by USSG 2X1.1(a).  (Obj. to Add. PSR.)  Counsel also objected

to the enhancement for obstruction of justice, and the four-level enhancement for being an organizer or leader. (*Id.*)

At sentencing, counsel urged each of the arguments raised in his objections to the PSR and Addendum thereto. (Sent. Tr. at 45-51, 52-53.) After the court overruled his objections and imposed sentence, counsel immediately voiced his objection that the 57-month sentence was unreasonable. (*Id.* at 65, 67-68.)

On direct appeal, defense counsel continued his challenge to the 57-month prison sentence. He repeated his arguments with respect to the speculative, unproven nature of the intended loss, and directly challenged the sentence on the ground it was unreasonable. In affirming the sentence, the Fifth Circuit concluded the 57-month sentence was "reasonable because the court considered the advisory Guidelines, the sentencing factors of 18 U.S.C. § 3553(a), and Grant's personal history and characteristic as ably presented by counsel at the sentencing hearing." *United States v. Grant*, No. 08-10684, at 2 (5th Cir. July 9, 2009).

In light of the numerous objections at sentencing and the arguments raised on appeal, Grant cannot show deficient performance on the part of her counsel. Accordingly, relief on the first ground should be denied.

In the second ground, Movant alleges she was sentenced on the basis of the total intended loss of $230,000, instead of the restitution amount of $85,100. Although she asked counsel to raise this objection, she states he did not.

The Addendum to the PSR attributed $206,600 in intended loss to Grant, which the court used in calculating the base offense level and assessing punishment at sentencing. (Add. PSR ¶¶ 22 and 30.) The restitution amount that she was ordered to pay represented the actual losses to

the victims of her crime.  It had no relevance in determining the intended loss amount used to calculate the base offense level.  *Compare* USSG § 2B1.1, comment.(n.3(A)(ii)) (intended loss relates to "the pecuniary harm that was intended to result from the offense . . . ."), *with* USSG § 5E1.1(a) (restitution is "the full amount of the victim's loss").  Clearly defense counsel was not required to raise a frivolous objection.  *United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").  Accordingly, her second ground is without merit.

Her third ground fares no better.  She claims the PSR used a charge that was only "a few months from being ten years old (Baton Rouge LA, marijuana drug 8-27-1996)," and that counsel did not make an objection.  The government correctly notes that counsel could not have objected to the August 27, 1996 charge, because it was dismissed and Petitioner was not assessed any criminal history points based upon this incident.  (*See* PSR ¶ 45.)

To the extent Grant seeks to base her claim on the December 21, 1997 Dallas County theft charge (No. F93-43505), for which she was assessed two criminal history points (*see* PSR ¶ 40), her claim likewise fails.  In his objections to the PSR, counsel specifically requested that this 1997 conviction not be included in the criminal history in light of the close proximity to the ten-year mark.  (*See* Obj. 20 to PSR at 8.)  At sentencing, counsel requested equitable relief on the basis of this prior conviction.  (*See* Sent. Tr. at 47.)

In the fourth ground, Petitioner raises a general claim of ineffective assistance of counsel. She relies on her counsel's alleged inability "to make his thoughts and reasoning" clear in his pleadings and during court hearings.  Petitioner's allegations are conclusory at best.  As such

they are insufficient to establish ineffective assistance of counsel. While the court must construe a *pro se* § 2255 motion liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in § 2255 proceeding).

Next Movant claims counsel ridiculed her suggestions and altogether failed to inform the court that she was "the person who reported the crime to the Secret Service . . . ." She stipulated in her Factual Resume that she knowingly and willfully conspired and agreed with others to make counterfeit obligations. The fact that she may have been the one to report the crime to the Secret Service is irrelevant in light of her stipulations. Moreover, Petitioner received an adjustment of three points for acceptance of responsibility. (*See* Add. to PSR at ¶ 35.)

In her reply, Petitioner asserts for the first time that counsel rendered ineffective assistance because she was sentenced only three months below the statutory maximum sentence of 60 months. She explains that she "wanted to go to trial," but counsel advised her that she would receive the maximum sentence of 60 months. (Pet's Reply at 1-2.)

Petitioner correctly notes that the original PSR recommended a 33 to 41 month sentence, which she had been expecting based on counsel's representation. The Addendum to the PSR materially changed the guideline range initially recommended. Relying on new information received from Special Agent McMickle, the Addendum to the PSR concluded that Petitioner's

offense involved more than 50 victims, with an intended loss attributable to Petitioner of more than $200,000, which caused the base offense level to be increased to 20.  In light of this substantial change in offense level, and counsel's repeated challenges to the loss calculation at sentencing and on direct appeal, Petitioner cannot establish deficient performance on the part of her counsel merely because he initially represented he sentence would be in the 33-month range.

Lastly, Petitioner complains that none of the claims that she wanted to raise were included in the appeal brief.  (Pet's Reply at 1.)  This claim is conclusory.  Plaintiff has not alleged what claims, if any, counsel should have raised on direct appeal.  As noted above, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

Signed this 18th  day of February, 2010.


Wm. F. Sanderson Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.